UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DONALD R. HUNT, | ) | |
| Plaintiff, | ) ) ) | No. CV-15-05042-JLQ |
| vs. | ) ) ) ) | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION |
| KELLON CUNNINGHAM, et al., | ) ) | |
| Defendants. | ) ) | |

BEFORE THE COURT is the Report and Recommendation (ECF No. 41, hereafter "R & R") of Magistrate Judge Hutton and Defendants' Objections (ECF No. 42) thereto. The R & R was filed on December 2, 2015, and Objections were timely filed on December 15, 2015. Any response to the Objections by Plaintiff was due no later than January 4, 2016. No response was filed.

**I. Introduction and Background**

Plaintiff initially filed this action in the Franklin County Superior Court for the State of Washington on or about February 27, 2015. Defendants were served on May 6, 2015. (ECF No. 2). The Complaint alleges civil rights violations under 42 U.S.C. § 1983, and was removed by Defendants to this court on May 26, 2015. A Scheduling Conference was held, and a Scheduling Order entered on July 17, 2015. (ECF No. 11). The Scheduling Order set the close of discovery as November 30, 2015, and the deadline for the filing of dispositive motions as December 30, 2015. On July 22, 2015, five of the ten named Defendants filed a Motion for Judgment on the Pleadings, and that Motion is the subject of the R & R.

ORDER - 1

## II. Discussion

The R & R recommends that Defendants' Motion for Judgment on the Pleadings be denied and Plaintiff be allowed to amend his Complaint. The Objections seek clarification of the R & R, specifically as to Defendant Kroshus. The R & R states that the "claims against defendant Kroshus, without more, should be dismissed." (ECF No. 41, p. 11). However, the ultimate conclusion of the R & R is that Defendants' Motion be denied, and Plaintiff be given the opportunity to amend. Defendants state they do not object to Plaintiff being granted leave to file an Amended Complaint, but request that the court screen any Amended Complaint.

The primary claim of Plaintiff's Complaint (ECF No. 3-1) is that he filed numerous grievances in the prison system, and was then retaliated against for filing those grievances in violation of his First Amendment rights. The court agrees generally with the conclusions of the R & R and finds: 1) Plaintiff has stated a claim as to some of the Defendants; 2) some of Plaintiff's assertions are conclusory and vague; and 3) some of the allegations do not state Constitutional claims. The R & R states that verbal harassment and yelling alone is generally insufficient to state a Constitutional claim. (ECF No. 41, p. 7). The R & R states that "severe or prolonged" lack of access to proper sanitation can constitute a Constitutional violation. (*Id.* at 8). However, being deprived of hand soap for a few hours cannot be so construed. The R & R further informs Plaintiff that he "should clarify which Defendants he specifically alleges directly created" the conditions of which he complains. (*Id.* at 41). Plaintiff has named ten Defendants. Plaintiff must specifically identify what his specific claims are as to each Defendant, and not merely refer to all Defendants. From a review of the Complaint and the grievance documents submitted by Plaintiff (ECF No. 38), it appears Plaintiff's allegations may be overly broad in naming ten Defendants.

## III. Conclusion

Plaintiff has filed no Objection to the recommendation he be given the opportunity

ORDER - 2

to file an Amended Complaint. Defendants have sought clarification of the R & R, but have also stated no objection to allowing Plaintiff to amend. The court has concerns as to the sufficiency of the Complaint as to some of the claims against some of the Defendants. However, the court concurs with the recommendation that Plaintiff be allowed leave to amend.

On January 12, 2016, just prior to the time that this Order would have issued, Plaintiff filed a "First Amended Complaint" (ECF No. 47). This First Amended Complaint was filed prematurely, before this court had granted leave for such filing. Plaintiff did not have the benefit of this court's direction, set forth herein, when he filed the First Amended Complaint. The court offers no opinion at this time as to the sufficiency of the First Amended Complaint, but does observe that Plaintiff has appropriately dismissed Defendant Kroshus in light of the R & R's conclusion that such claims should be dismissed.

**IT IS HEREBY ORDERED**:

1. The Report and Recommendation (ECF No. 41) is adopted to the extent set forth herein.

2. Defendants' Objections (ECF No. 42) are sustained in part as set forth herein.

3. Plaintiff, if he chooses, may file an additional amended complaint by no later than **February 8, 2016**. The document shall be clearly labeled as the "**Second** Amended Complaint". If Plaintiff chooses to file a Second Amended Complaint, it will operate as **a complete substitute for (rather than a supplement to)** the prior Complaints.

4. Plaintiff's Second Amended Complaint must contain a short and plain statement of the facts set forth in separately numbered paragraphs. It must contain specific factual allegations against specific Defendants, rather than generically referring to all Defendants. It must also clearly delineate the causes of action asserted, the facts in support of that claim, and the Defendant(s) against whom the claim is asserted.

5. Alternatively, Plaintiff may choose to proceed with the First Amended

ORDER - 3

1 Complaint (ECF No. 47) that was filed on January 12, 2016. The court notes that
2 Plaintiff has failed to sign the First Amended Complaint. If Plaintiff chooses to proceed
3 on the First Amended Complaint, he shall file a "Notice" stating his intent to so proceed
4 by no later than **February 8, 2016**. The court will then enter an Order resetting pretrial
5 dates, including a deadline for any further dispositive motions

6     6. Lastly, the court is in receipt of a letter from Plaintiff dated January 4, 2016, and
7 received by the Clerk on January 7, 2016. The letter states in part that Plaintiff was not
8 aware of his opportunity to respond to Defendants' Objection to the R & R until he
9 received the court's Order dated December 28, 2015. The letter does not specifically
10 request additional time, nor is it denominated a "motion". To the extent it is a request for
11 additional time, it is DENIED. The response deadline was not set by the Order of
12 December 28, 2015, but was merely repeated therein. The deadline was set in the R &
13 R. (ECF No. 41, p. 12).

14     **IT IS SO ORDERED**. The Clerk shall enter this Order and provide copies to
15 counsel and to Plaintiff.

16     Dated this 13th day of January, 2016.

17                     s/ Justin L. Quackenbush
                      JUSTIN L. QUACKENBUSH
18     SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4